3. BAIL, § 29*—*jurisdiction of police magistrate to take bail bond.* Police magistrate has jurisdiction upon preliminary examination of accused on charge of rape to take a bail bond.

4. CRIMINAL LAW, § 44*—*jurisdiction of police magistrate.* A police magistrate has jurisdiction to hold a preliminary examination on a charge of rape.

————————

## Jefferson J. Greene, Defendant in Error, v. Anna E. Schwing, Plaintiff in Error.

### Gen. No. 5,911.   (Not to be reported in full.)

Error to the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

## Statement of the Case.

Scire facias by Jefferson J. Greene against Anna E. Schwing to revive a judgment which was recovered against Anna E. Schwing and her husband in an action of assumpsit, in which an attachment was issued and a bond given, but judgment was in favor of defendants on the attachment issue. The pleas interposed to the scire facias were: (1) *nul tiel record;* (2) release of the judgment for value; (3) payment of the judgment. There was a fourth plea, to which a demurrer was sustained and leave was given to file an additional plea, which alleged an agreement between Greene, Schwing and one Hall, and that Greene, before signing the agreement, demanded a release of liability on the attachment bond and also alleged that certain shares of stock mentioned in the contract were set off to Schwing and placed in a bank for security, that Greene assigned his judgment to said Hall, that the assignment is in full force and effect and has never been reassigned to Greene, and that he has no interest

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

or title in the judgment. A replication was filed to such plea denying the assignment. There was a judgment entered in favor of plaintiff on a directed verdict,. and to reverse the judgment, defendant prosecutes a writ of error.

KEITHLEY & KEITHLEY, for plaintiff in error.

JUDSON STARR, for defendant in error.

MR. JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 616*—*what not a defense to scire facias to revive judgment.* On scire facias to revive a judgment, where the defendant pleaded as a defense that the plaintiff had assigned the judgment to a third party pursuant to a contract entered into between them and such third party, and a replication was filed to the plea, *held* that the contract, though admitted in evidence, constituted no defense to the action and that the court did not err in refusing to admit it in evidence, there being no offer to show, payment of the judgment, and no evidence to show the judgment had been assigned; and also *held* that even if it had been assigned such assignment would constitute nō defense to the action, since the assignee could recover in a suit brought in the name of the assignor.

### Swan Carlson, Appellee, v. Chicago Great Western Railroad Company, Appellant.

### Gen. No. 5,919.  (Not to be reported in full.)

Appeal from the Circuit Court of De Kalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Reversed with finding of facts. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.